HYDE *vs.* GRIGSBY.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In a commutative contract, when the plaintiff tenders payment agreeably to the terms fixed on; if the defendant fails or refuses to comply on his part, he will be considered as in default, and liable in damages for his non-compliance.

This is an action in which the plaintiff claims six hundred and fifty dollars in damages, for the non-delivery according to contract, by the defendant, of one hundred and twenty-six head of beef cattle.

The defendant denied his liability, and set up various matters in defence.

The pleading and facts of the case, are sufficiently set forth in the following opinion of the court.

The cause being submitted to a jury, they returned a verdict for the amount of the plaintiff's claim. From judgment rendered thereon the defendant appealed.

*Deblieux*, for the plaintiff, urged the affirmance of the judgment.

*Benjamin, contra;* maintained the following points:

1. This suit is brought for damages for non-execution of a contract. In order to succeed, plaintiff must show either an active or passive breach, and in the latter hypothesis a putting in default. *Louisiana Code*, 1925-6-7.

2. It was a contract of sale: the only active breach then that the nature of the case seems to admit of, or at all events the only violation attempted to be proved in the court below, was a sale and delivery by defendant to a third person of the property sold to plaintiff. But the evidence shows that this sale was made subsequently to the institution of this suit, if at all, and consequently cannot form the basis of a judgment against defendant.

3. The putting of defendant in default, as required by articles 1904 and 1905 of Louisiana Code, when damages are claimed for the passive violation of a contract, was not proved in the court below; the only demand proved having been made in presence of one, instead of two witnesses. This putting in default is not a mere matter of form. The code, article 1906, says positively *that it is a pre-requisite to the recovery of damages.*

*Bullard, J.,* delivered the opinion of the court.

This is an action to recover damages from the defendant for an alleged violation of a contract of sale of a number of beeves. There was a verdict and judgment in favor of the plaintiff, and the defendant appealed.

The defence set up in the answer is, that the plaintiff had failed to comply with his part of the contract, which was to pay the price upon the delivery of the cattle or a part thereof.

It appears by the memorandum of the sale signed by the defendant, that the beeves were sold at six and a fourth cents per pound; and in order to ascertain the weight, an average steer was to be selected and slaughtered. The cattle were to be sent to Mobile, and each party to contribute toward the expense of their transportation. He further avers, that by a subsequent agreement the plaintiff agreed to pay two thousand dollars in cash, as part payment for the cattle, and to give satisfactory security for the balance of the price. That thereupon a part of the cattle were put into a lot of the plaintiffs, where they remained several days without the plaintiff's complying with his engagement.

*In a commutative contract, when the plaintiff tenders payment agreeably to the terms fixed on, if the defendant fails or refuses to comply on his part, he will be considered as in default, and liable in damages for his non-compliance.*

It is manifest from the terms of the contract as well as from other evidence in the case, that the weight was to be ascertained, and the price paid in Mobile. The plaintiff offered to advance one thousand dollars, and give satisfactory security for the balance, and it is proved that he was in good credit. But the defendant refused to comply with his contract; on a tender of the money the defendant said he had concluded not to receive the money and not to send the

cattle to Mobile.   The defendant made no attempt to prove any subsequent contract as pretended in his answer.

It appears to us that the defendant was not only put in default, but that the plaintiff, in truth, offered to do more than he was bound to do by his contract, and that the verdict of the jury is fully justified by the evidence.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.